**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07 CR 52-1**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **JOHN A. MOSLEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a violation report (#25) filed in the above entitled cause on August 20, 2008 by the United States Probation Office and an addendum to the violation report filed on August 27, 2008 by the United States Probation Office (#28). In the violation report and the addendum to the violation report, the United States Probation Office alleges that the defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, Tony Rollman, and the Government was present through Assistant United States Attorney, Don Gast, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney,

denied the allegations contained in the violation report and the addendum to violation report. The defendant was charged in a bill of indictment filed on June 4, 2007 with the crime of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). An initial appearance was held before the undersigned on July 2, 2007 at which time the defendant was released by this court on an unsecured bond and an order setting forth conditions of pretrial release. On July 10, 2007 the defendant was detained for the purpose of undergoing a psychiatric evaluation. The terms and conditions of the pretrial release of the defendant were reinstated on December 11, 2007 after he had been returned from the evaluation. On February 4, 2008 the defendant appeared before the undersigned and entered a guilty plea to the charge contained in the bill of indictment.

In the order setting conditions of release, the conditions included the following:

(1) That the defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(7)(m) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

The government called as a witness Det. Freddy Euten, a detective with the Rutherford County Sheriff's Office. Det. Euten testified that on July 7, 2008 he was

present during the stop of a motor vehicle in which the defendant was riding as a passenger. The defendant agreed to a consent search of his clothing at which time there was found, in the defendant's pocket, a prescription pill bottle which did not have any label. In the prescription bottle was 31 clonazepam pills which schedule IV controlled substances. Also in the defendant's possession were 47 Xanax pills which are also schedule IV controlled substances. The defendant had a prescription for 1 milligram pills of clonazepam but the 31 pills in the possession of the defendant were 2 milligram pills. The defendant did not have a prescription for the 47 Xanax pills. The defendant was charged with unlawfully, willfully and feloniously possessing with intent to sell and deliver the clonazepam pills and also was charged with unlawfully, willfully and feloniously possessing with intent to sell and deliver the Xanax pills. Further, the defendant was charged with a misdemeanor, that being the keeping of the controlled substances in a bottle or container other than that in which they had been issued as prescribed.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer
-----

    (1)    finds that there is----
        (A) probable cause to believe that the person has committed a
Federal, State, or local crime while on release; or

(B) clear and convincing evidence that the person has violated any other condition of release; and
(2) finds that ---
(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
(B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe that the defendant committed a state crime while on release. The defendant possessed 31 clonazepam pills and 47 Xanax for which he did not have a prescription. This possession is a felony under state law. N.C.G.S. § 90-95(a)(3). Due to the fact that there is probable cause to believe that the defendant committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions which would assure that the defendant would not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that the defendant violated another condition of release in that it has been shown by clear and convincing evidence that the defendant has violated the terms and conditions that

state that he shall not be in unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner. The defendant did not have a prescription for the 31 clonazepam pills or the 47 Xanax pills.

The undersigned has further considered the factors as set forth under 18 U.S.C. § 3142(g) in regard to the release of the defendant. The charge to which the defendant has now entered a plea of guilty, that being possession of a firearm by a felon is a crime which is considered a crime of violence. U.S. vs. Redmon, 3:06 cr 92 and U.S. vs. Allen, 409 F.Supp. 2d 622 (Maryland, 2006). The evidence against the defendant appears to be strong and significant based upon the testimony of Det. Euten. In regard to the defendant's criminal record, it appears that the defendant has the following convictions:

| Date | Charge | Disposition |
|---|---|---|
| 12/13/83 | Larceny from the person (a felony) | 03/06/85 |
| 10/11/85 | No operator's license | 10/11/85 |
| 11/19/85 | No operator's license | 11/19/85 |
| 05/08/86 | Misdemeanor larceny | Unknown |
| 07/11/88 | Assault with deadly weapon | 08/19/88 |
| 12/16/88 | No operator's license | 09/06/89 |
| 12/16/88 | No liability insurance | 09/06/89 |
| 01/25/89 | No operator's license | 09/06/89 |
| 01/25/89 | No liability insurance | 09/06/89 |
| 09/18/91 | Possession of stolen goods | 02/16/94 |
| 08/25/93 | Felony possession with intent to sell and deliver marijuana (a felony) | 02/16/95 |
| 08/25/93 | Felony sell and delivery of marijuana (a felony) | 02/16/95 |
| 08/25/93 | No operator's license | 02/09/94 |
| 08/25/93 | Simple possession of schedule VI controlled substance | 02/09/94 |
| 09/10/93 | Carrying a concealed weapon | 11/18/93 |
| 02/18/98 | Driving while license revoked | 04/16/98 |

5

| | | |
|---|---|---|
| 01/11/99 | Driving while license revoked | 03/18/99 |
| 04/02/99 | Worthless check | 09/21/99 |
| 08/27/99 | Worthless check | 02/04/00 |
| 08/16/00 | No operator's license | 09/07/00 |
| 10/09/00 | Felony possession of stolen goods  (a felony) | 06/04/01 |
| 01/10/01 | Felony possession with intent to manufacture, sell and deliver a schedule III controlled substance (a felony) | 04/12/01 |
| 01/10/01 | Driving while license revoked | 06/26/01 |
| 11/29/01 | Driving while license revoked | 04/23/02 |
| 03/10/02 | Driving while license revoked | 08/28/02 |
| 04/19/02 | Driving while license revoked | 08/28/02 |
| 05/29/02 | Driving while license revoked | 08/22/02 |
| 04/19/03 | Worthless check | 12/23/03 |
| 01/22/04 | Driving while license revoked | 08/17/04 |
| 02/24/06 | No operator's license | 04/13/06 |
| 05/09/06 | Failure to appear | 08/16/06 |

In regard to the defendant's record concerning appearance at court appearances, the defendant has regularly failed to appear in regard to various traffic violations with which he has been charged. In regard to whether or not the defendant was on probation, parole or other release pending trial at the time alleged in the commission of the offense alleged in the bill of indictment, it does not appear that the defendant was subject to such conditions. In regard to whether or not the release of the defendant would create a risk of harm or danger to any other person or the community, the must find by clear and convincing evidence that such exist. The defendant has been convicted of five felonies and 25 misdemeanors. The defendant has pled guilty to possession of a firearm by a convicted felon and has now been found to be in possession of two controlled substances for which he did not have prescriptions.

It appears to the undersigned that there are no conditions or combination of

conditions of release that will assure that the defendant will not pose a danger to the safety of any other person or the community. It is further the opinion of the undersigned that based upon the defendant's actions, that it is unlikely that the defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

**ORDER**

IT IS, THEREFORE, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that the defendant be detained pending sentencing and further proceedings in this matter.

Signed: September 4, 2008

_____
Dennis L. Howell
United States Magistrate Judge